IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| MELANIE L. RICE, | ) | |
|     *Plaintiff,* | ) | |
| | ) | CASE NO. 6:13-CV-00038 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
|     *Defendant.* | ) | |

This matter is before me on the parties' cross-motions for summary judgment, the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (hereinafter "R&R"), and Plaintiff's Objections to the R&R. Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), I referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge recommended that I deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed Objections, obligating me to undertake a de novo review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt the Magistrate Judge's R&R in full.

## I. BACKGROUND

On September 20, 2010, Plaintiff Melanie Rice ("Plaintiff") applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DBI") payments under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. To receive SSI benefits, Plaintiff must show that her disability began on or before the date she applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. § 416.501. To receive DBI benefits, Plaintiff must show her disability

[1]

began before the date she was or will be last insured, which is March 31, 2015, and that the disability existed for twelve continuous months. 42 U.S.C. §§ 423(a)(1)(4), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

An Administrative Law Judge ("ALJ") conducted a hearing on the claim on May 18, 2012. At the time of the hearing, Plaintiff was forty-four years old, had completed the eleventh grade, had obtained a general equivalency diploma ("GED"), and in 2010 had begun taking classes at Virginia Western Community College. Administrative Record (hereinafter "R."), at 41, 46. Plaintiff claimed that her disability began on August 8, 2010, when she was injured in a car accident, suffering a broken pelvis, broken ribs, removal of her spleen, liver lacerations, and a rupture of her diaphragm. R. 2, 35. Plaintiff's counsel represented during the hearing that Plaintiff continues to suffer from pain in her pelvis, lower back, hip, and head. R. 36. Plaintiff also has difficulty sleeping and concentrating. R. 37. Prior to the accident, Plaintiff worked as a receptionist in medical facilities for approximately eight to ten years. R. 48. Following the accident, and in April or May of 2011, Plaintiff attempted to work as a cashier at a convenience store, but claimed that the repetitive motion of sweeping the floor aggravated her back and pelvis injuries, causing her to go to the hospital, and she stated that she has not worked since then. R. 49.

### A. The ALJ Decision

The state agency denied Plaintiff's application at the initial and reconsideration levels of administrative review. R. 86–105, 106–127. On May 18, 2012, ALJ Jeffrey J. Schueler held a hearing to consider Plaintiff's disability claim. R. 30–72. Plaintiff was represented by counsel, and both Plaintiff and an independent vocational expert testified. During the hearing, Plaintiff testified to suffering from pain in her back, pelvis, and head. R. 51. She also testified that she

suffered from severe headaches brought on by stress and caused by traumatic brain injury, and that she had difficulty standing for long periods of time. R. 52-54.

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is not engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that is severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is unable to perform her past relevant work; and (5) the claimant can perform other specific types of work. *See Johnson v. Barnhart*, 434 F.3d 650, 653 n. 1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 8, 2010, and that she suffered from residuals of the motor vehicle accident, including multiple fractures of the ribs and pelvis, removal of the spleen, and numbness of the face and tongue. R. 17. The ALJ found that these impairments caused more than minimal functional limitations and were thus "severe" under step two, whereas the mental impairments of anxiety, depression, and post-traumatic stress disorder did not cause more than a minimal limitation in Plaintiff's ability to perform basic activities and were thus non-severe. R. 17–18. At step three of

[3]

the inquiry, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR 404 Subpart P, Appendix 1.

Based on a consideration of Plaintiff's medical record, the ALJ determined that the Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except for that which involves more than occasional operation of foot controls with the left lower extremity; climbing ladders, ropes, or scaffolds; involves more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing ramps or stairs; requires more than frequent rotation of the neck or more than frequent peripheral acuity; or involves exposure to hazards of concentrated exposure to noise or vibration. R. 19. Additionally, Plaintiff has an eleventh grade education, earned a GED, and was attending classes at a community college from which she was scheduled to graduate from in 2013. *Id.* Her past relevant work experience includes jobs as a medical receptionist, data entry operator, cashier, and seamstress. *Id.* The ALJ found, based in part on testimony by the vocational expert, that Plaintiff would be able to perform this kind of work in the future, specifically citing possible careers as a receptionist, appointment clerk, data entry clerk, or loan clerk. R. 22.

On May 13, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). R. 1. Plaintiff filed the instant suit on July 2, 2013, seeking judicial review of the Commissioner's final decision.

B. The Summary Judgment Motions

Plaintiff contends that the ALJ erred in failing to give greater weight to the opinion of Dr. Thomas Shuler, Plaintiff's treating physician. Pl.'s Mem. in Supp. 22. Plaintiff acknowledges

that the ALJ gave substantial weight to all of Dr. Shuler's opinions save for his projection regarding Plaintiff's future rate of work absences, but claims that the ALJ failed to consider the requisite factors in refusing to give controlling weight to this opinion. *Id.* at 23. Plaintiff further claims that the ALJ's credibility findings are not supported by substantial evidence, arguing that the ALJ failed to articulate explicit and adequate reasons for disbelieving some of Plaintiff's testimony. *Id.* at 26.

In response, Defendant argues that the ALJ's decision is supported by substantial evidence, stressing that it is the ALJ's job to assess credibility and that the ALJ in this case did so properly. *See* Def.'s Mem. in Supp. 1. Defendant argues that an ALJ is not bound by the findings of a treating physician and asserts that the ALJ did give great weight to Dr. Shuler's findings in areas where his expertise was relevant. Defendant further claims, however, that the ALJ reasonably found that Dr. Shuler's absenteeism opinion was not supported by the objective medical evidence in the record. *Id.* at 9. Defendant states that the ALJ reasonably assessed the credibility of Plaintiff's testimony, finding that the numerous life activities she was able to perform and the positive reports she repeatedly made to doctors made a claim of total debilitation less than credible. *Id.* at 11.

### C. The Magistrate Judge's Report and Recommendation

The Magistrate Judge recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's motion. Addressing Plaintiff's contentions -- (1) that the ALJ improperly gave no weight to Dr. Shuler's opinion regarding Plaintiff's future absenteeism from work, and (2) that the ALJ improperly discredited Plaintiff's statements of disabling symptoms -- the Magistrate Judge found that the ALJ had considered all of Plaintiff's relevant medical evidence in accordance with the regulations and had determined the appropriate weight to give

each medical opinion. R&R 3, 5. The Magistrate Judge also found that the ALJ had properly assessed the credibility of Plaintiff's testimony, finding that substantial evidence supported the ALJ's determination that Plaintiff had exaggerated her incapacity and the alleged severity of her symptoms. R&R 13.

Plaintiff timely filed Objections to the R&R on August 12, 2014, arguing that the Magistrate Judge erroneously concluded that substantial evidence supported the ALJ's decision not to adopt Dr. Shuler's opinion that Plaintiff would miss more than three days of work per month. Pl.'s Objections 1. Plaintiff also claims that the Magistrate Judge erroneously concluded that substantial evidence supported the ALJ's credibility findings. Pl.'s Objections 3. Plaintiff contends that the Magistrate Judge improperly relied on evidence submitted to the Appeals Council and misstated the severity of Plaintiff's disabilities throughout his report. Pl.'s Objections 3–4.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). Ultimately, the issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

#### A. The ALJ's Assessment of Dr. Shuler's Opinion

Plaintiff contends that "[t]he Report and Recommendation erroneously concludes that substantial evidence supports the ALJ's decision not to adopt Dr. Shuler's opinion that plaintiff would miss more than three days of work per month." Pl.'s Objections 1; *see also* Pl.'s Mem. in Supp. 23 ("The reason given by the ALJ in rejecting Dr. Shuler's opinion regarding absenteeism is insufficient and not supported by substantial evidence.").

An ALJ is required to give the opinion of a treating physician controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic

[7]

techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give "good reasons" for not affording controlling weight to a treating physician's opinion. 20 C.F.R. § 416.927(c)(2). Further, if the ALJ determines that a treating physician's medical opinion is not deserving of controlling weight, the following factors must be considered to determine the appropriate weight to which the opinion is entitled: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialization. 20 C.F.R. § 416.927(C)(2)–(5).

I find that the ALJ properly considered all of Plaintiff's medical evidence in accordance with the regulations, and determined the appropriate weight to give each medical opinion. R. 19–22. The ALJ "accord[ed] great weight to the consistent and well-supported opinions of Dr. Shuler and the reviewing physicians at the initial and reconsideration levels." R. 21. The ALJ did note, however, that "he . . . accorded no weight to the opinion by Dr. Shuler concerning claimant's expected absences from work because the frequency indicated is not supported by the objective medical evidence of record." R. 22.

Plaintiff's objections assert that "[i]t is clear in the medical source statement that Dr. Shuler opined plaintiff would be absent more than three times per month due to her impairments or treatment" and that "Dr. Shuler clearly explained his opinion regarding plaintiff's absenteeism by noting plaintiff was not yet at maximum medical improvement and needed further rehab, which would result in excessive absences." Pl.'s Objections 1–2. The record does clearly reflect that Dr. Shuler checked "[m]ore than three times a month" in response to the question "how often do you anticipate that your patient's impairments or treatment would cause your patient to

[8]

be absent from work," but it is equally clear that there is no explanation or greater level of detail provided. R. 1267. The statement Plaintiff cites to about maximum medical improvements has nothing to do with the question about work absences, and is instead responsive to the question about "how . . . environmental factors [are likely to] impair activities." R. 1267. I note that Plaintiff's objections therefore inaccurately characterize the findings of the Magistrate Judge, who correctly concluded that Dr. Shuler's opinion with regard to Plaintiff's absenteeism was presented in a conclusory, check-the-box fashion, and that they also mistakenly apply unrelated conclusions to the issue at hand.

I find that there is substantial evidence to support the ALJ's determination. The ALJ relied upon the opinions of numerous doctors, all contained within the medical record, to reach his conclusion. Plaintiff's records reflect that her pelvic fractures healed adequately and that she soon began to be able to ambulate independently rather than being unable to bear weight with her left leg. R. 861–72, 899–900. Stage agency physician Dr. Hartman found on October 19, 2010 that Plaintiff would be able to perform light exertional work within twelve months from the date of the accident. R. 887–94. In a November 4, 2010 meeting with Dr. Shuler, Plaintiff reported that she was doing well, with no major complaints, and Dr. Shuler informed Plaintiff that her fractures were healing. R. 903. On April 5, 2011, state agency physician Dr. Richard Surrusco reviewed Plaintiff's records and concurred with Dr. Hartman's findings that Plaintiff would be fit to work within twelve months of the accident. R. 111–13, 121–23. As the Magistrate Judge noted, Plaintiff was cleared to return to work as allowed by her OB/GYN following her last visit with Dr. Shuler, and Plaintiff reported at that time that she could walk with no difficulty and had full, active, and pain-free range of motion. R&R 11. Plaintiff was also able to perform numerous life activities, and although Plaintiff asserts that the "Court . . . erroneously summarizes

plaintiff's post-accident activities of daily living" by failing to take into account the help Plaintiff has needed, the fact remains that the ALJ reasonably relied upon both the extensive medical records documenting Plaintiff's recovery and the testimony of Plaintiff herself, which suggested an ability to perform basic tasks. Pl.'s Objections 2–3.

Although Dr. Shuler's finding regarding Plaintiff's likely work absences is a piece of conflicting evidence, courts may not "re-weigh conflicting evidence." *Craig*, 76 F.3d at 589. It is ultimately "the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456. The ALJ acted appropriately in refusing to give Dr. Shuler's conclusion about Plaintiff's work-related limitations controlling weight, as it was "inconsistent with . . . other substantial evidence [in] the case record." 20 C.F.R. § 404.1527(c)(2). This was a "good reason" for not affording controlling weight to the opinion. 20 C.F.R. § 416.927(c)(2). In considering the record, I agree with the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence, and I therefore "uphold the ALJ's decision." *Whiten*, 437 F.2d at 74.

## B. The ALJ's Credibility Assessment

Plaintiff also contends that "[t]he Court erroneously concludes substantial evidence supports the ALJ's credibility findings" and that "Plaintiff's activities are much more limited than outlined by the Court and the ALJ," warranting a finding of disability. Pl.'s Objections 3–4; *see also* Pl.'s Mem. in Supp. 25 ("The ALJ's depiction of plaintiff's activities is not accurate. Plaintiff's activities are much more limited than outlined by the ALJ. None of plaintiff's activities are inconsistent with disability . . . the ALJ failed to articulate adequate reasons for rejecting plaintiff's testimony."). However, the Magistrate Jude found that "the ALJ's decision to find Rice's testimony not fully credible" was supported by substantial evidence. R&R 15.

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig* 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* The ALJ determines whether a claimant is disabled by pain by a two-step process. *Id.* at 594; *see* SSR 96–7p, 1996 WL 374186, at *2. First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[] [her] ability to work." *Id.* at 595. Among other factors, the ALJ should consider all evidence in the record when evaluating the claimant's credibility, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR96–7p, 1996 WL 374186, at *5. The ALJ's determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Id.* at *4.

The ALJ noted that Plaintiff experienced an automobile accident on August 8, 2010, but that records from October 4, 2010 reflect signs of internal healing with no complications. R. 20. Plaintiff reported on November 4, 2010 that she was "doing well" with "no major complaints." *Id.* On July 15, 2011, Plaintiff's mood and affect were normal, and the physician did not record any abnormal clinical findings relative to the musculoskeletal system. *Id.* On March 15, 2012 and April 13, 2012, Plaintiff received neuropsychological examination which gave her a score of six on the Beck Depression Inventory, reflective of only a "minimal level of depression." R. 20.

However, indicators suggested that Plaintiff may not have been entirely honest, with Dr. Wellborn claiming that there were "subtle suggestions" that Plaintiff "attempted to portray herself in a negative or pathological manner in particular areas." R. 21. At a pain management evaluation in April 2012, Plaintiff reported pain at a level of only 2-3 on a scale of 1-10. R. 21. In addition to the medical reports indicating that Plaintiff was not debilitated, the ALJ also noted that Plaintiff had been able to perform significant life tasks like attending college, giving birth, doing household chores, and caring for her infant son. *Id.* In sum, the ALJ found that Plaintiff's testimony was exaggerated because her limitations, while real, were not severe enough to rise to the level of disability.

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). In considering the record, I agree with the Magistrate Judge's finding that there is substantial evidence to support the ALJ's determination that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not fully credible or substantiated by objective medical evidence.

## IV. CONCLUSION

After undertaking a de novo review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's Objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court. An appropriate order follows.

Entered this  8th   day of September, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE